IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

v.                                    **Case No. 4:18-cr-00278 KGB**

**TIMOTHY HOLDFORD**                                                                       **DEFENDANT**

**ORDER**

Before the Court is Timothy Holdford's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (Dkt. No. 39). The government has responded in opposition to the motion (Dkt. No. 49). Mr. Holdford has filed a reply and motion for evidentiary hearing (Dkt. No. 50). While the § 2255 motion was pending, Mr. Holdford filed a second motion (Dkt. No. 51). For the following reasons, the Court denies and dismisses with prejudice Mr. Holdford's 28 U.S.C. § 2255 petition, denies his motion for hearing, and denies his motion for resentencing pursuant to 28 U.S.C. § 2255(f)(3) (Dkt. Nos. 39; 50; 51).

**I.      Background**

Mr. Holdford was charged by indictment with possession with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) in count one, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in count two, and knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Dkt. No. 1).

On September 12, 2019, Mr. Holdford entered into a written plea agreement and pled guilty to count two of the indictment (Dkt. Nos. 19; 20), and the Court dismissed, upon motion of the government, counts one and three of the indictment (Dkt. No. 18). During the change of plea hearing, the Court found Mr. Holdford competent to proceed, and he confirmed that his counsel had explained the charges he would be pleading guilty to and that he understood the consequences

of his pleading guilty (Dkt. No. 45, at 3–6). Relevant here, Mr. Holdford acknowledged the penalty could be enhanced by statute or the advisory sentencing guidelines, if the Court determined predicate offenses qualified him as an armed career criminal. (*Id.*, at 5–6; *see also* Dkt. No. 19, at 2, 4). The Court explained that the maximum penalty for the felon-in-possession charge is not more than ten years of imprisonment, but that, if the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), applied, the statutory sentencing range is 15 years to life imprisonment. In response to the Court's questions, Mr. Holdford acknowledged that his counsel had explained the charge and that he understood the possible consequences of pleading guilty.

At the plea hearing, Mr. Holdford contested whether he was hiding during events relevant to his charge and contested that a document with his name on it was in fact an enforceable lease, but Mr. Holdford admitted to all other facts read by the government at the plea hearing, including that Mr. Holdford had previously and knowingly been convicted of a crime punishable by a term of imprisonment exceeding one year, as listed in the indictment (Dkt. No. 45, at 15–18; *see also* Dkt. No. 19, at 5–6). Mr. Holdford swore that no promises had been made to him other than those set forth in his plea agreement (Dkt. No. 45, at 15).

Consistent with the negotiated plea agreement, Mr. Holdford pled guilty to count two charging felon in possession of a firearm. He acknowledged that he voluntarily signed the plea agreement and understood its terms. He said that he understood that the Court had the authority to sentence him to the maximum penalty permitted by law. He said that he was satisfied with his counsel's advice and representation. The Court then accepted Mr. Holdford's plea and found him guilty of being a felon in possession of a firearm.

The Court directed the Probation Office to conduct a presentence investigation and prepare a presentence report (Dkt. No. 21).  On July 15, 2020, this Court sentenced Mr. Holdford (Dkt. Nos. 33–35).

The Court reviewed with the parties Mr. Holdford's Presentence Investigation Report ("PSR").  In the light of his prior convictions, Mr. Holdford was determined to be an Armed Career Criminal and subject to an enhanced penalty pursuant to the ACCA.  At the sentencing hearing, with no objection to the PSR, the Court adopted its undisputed finding that, at the time of his conviction, Mr. Holdford had three prior Arkansas state court convictions:  (1) 1997 conviction of residential burglary in Pulaski County Circuit Court, Case No. CR96-3443, (2) 1997 conviction of residential burglary in Pulaski County Circuit Court, Case No. CR97-480, and (3) 2005 conviction of possession of methamphetamine with intent to deliver in Pulaski County, Case No. CR04-3714.  These prior convictions were listed in the indictment, as well as the PSR (Dkt. No. 1).  The Court determined the advisory sentencing guidelines range of 188 to 235 months of imprisonment.  Seeking leniency on Mr. Holdford's behalf, his counsel asked the Court to consider the presentence report's findings:  Mr. Holdford's traumatic childhood with abuse and neglect, mental illness issues, a history of substance abuse, and a lack of education.  Mr. Holdford's counsel also asked the Court to impose any sentence concurrent to any state court sentences that Mr. Holdford was currently serving.  Based on Mr. Holdford's social history, the government did not object.

Determining that a downward variance from the advisory sentencing guidelines was warranted, the Court sentenced Mr. Holdford as an armed career criminal under 18 U.S.C. § 924(e) to the statutory mandatory minimum of 180 months of imprisonment to be served concurrently with the term of imprisonment that he was currently serving or may be imposed in the Arkansas

3

Department of Correction and to three years of supervised release (Dkt. No. 35). Judgment was entered on July 15, 2020 (*Id.*). Mr. Holdford did not appeal his sentence.

## II.   § 2255 Petition

On July 30, 2021, Mr. Holdford filed a *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 39). On August 2, 2022, the Court granted Mr. Holdford's motion for extension of time to file a memorandum of law (Dkt. No. 40), and on September 1, 2022, Mr. Holdford filed his brief in support of his initial motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 42).

Mr. Holdford now timely asserts that he received ineffective assistance of counsel on two grounds: (1) his trial lawyer's failure to object to the Court's finding or to the PSR that Mr. Holdford qualified as an armed career criminal under the ACCA, and (2) his trial lawyer's failure to seek dismissal of the indictment.

"Section 2255 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States,* 417 U.S. 333, 343 (1974)). The statute provides for collateral review of the defendant's sentence based on claims of "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States,* 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255). Remedies for errors of law are available only when the "claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (internal quotations omitted). Mr. Holdford waived his right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 motion, except for claims based on ineffective assistance of counsel or prosecutorial

4

misconduct. (Dkt. No. 12 at 2–3). Mr. Holdford's two ineffectiveness claims are properly before this Court.

### A.      Legal Standard For Ineffective Assistance

To demonstrate constitutional ineffectiveness under the familiar *Strickland v. Washington* standard, Mr. Holdford must show deficient performance and resulting prejudice. 466 U.S. 688 (1984). Review of the trial lawyer's work is "highly deferential," and Mr. Holdford must overcome the "strong presumption" that his lawyer acted "within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the *Strickland* prejudice element, Mr. Holdford must demonstrate a reasonable probability that, absent attorney error, he would not have been sentenced as an armed career criminal or the indictment would have been dismissed. *Id.,* at 694.

Importantly for this case, the Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690; *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). In other words, on federal habeas review, courts examine counsel's challenged conduct under the circumstances prevailing and the state of the law as it existed at the relevant time, and "avoid making judgments based on hindsight." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000). Under the first prong of the *Strickland* test, as "counsel [is] not required to make meritless objections under then-existing precedent, anticipate changes in the law, or raise every potentially meritorious claim." *United States v. Garza*, 340 F. App'x 243, 244-45 (5th Cir. 2009) (per curiam); *see Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014) (counsel's failure to anticipate a change in the law does not constitute ineffective assistance); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) ("counsel's decision not to raise an issue unsupported by then-existing precedent did not

constitute ineffective assistance."); *Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel was not ineffective for failing to raise a meritless issue).

Because Mr. Holdford has not shown constitutionally deficient performance, this Court need not address the prejudice element. *Id.* at 697.

### B. Failure To Object To Sentence Enhancement

Mr. Holdford asserts that his prior counsel was ineffective for failing to object to the PSR's determination that he was subject to an ACCA enhancement (Dkt. No. 39, at 16–17). Mr. Holdford concedes that he has two qualifying predicate ACCA offenses for Arkansas residential burglary from 1996 and 1997, and acknowledges that, in the light of *United States v. Sims*, 933 F.3d 1009 (8th Cir. 2019), "[t]here can be no doubt that 1996 Residential Burglary and the 1997 Residential burglary" qualify as violent felonies (Dkt. No. 42, at 5). While Mr. Holdford argues that his prior convictions for breaking and entering and simple possession of controlled substances "no longer" qualify as "serious drug offenses," those convictions were not used to enhance Mr. Holdford's sentence under the ACCA as is clear from the PSR.

He assets that the sole question is whether an Arkansas conviction for possession of methamphetamine with intent qualifies as a "serious drug offense" (*Id.*). Mr. Holdford maintains that his 2005 conviction for possession with intent to deliver methamphetamine does not qualify as a "serious drug offense" (*Id.*).[1] Mr. Holdford asserts that, in the light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), he was incorrectly classified as an armed career criminal, and he asserts that he was prejudiced due to his counsel's failure to raise this issue (Dkt. No. 42, at 3). In the

---

[1] In Pulaski County, Case No. CR04-3714, Mr. Holdford was charged for possession with intent to deliver methamphetamine in 2004 and convicted in 2005. In the filings, this is referred to at various points as the 2004 or 2005 conviction. Those references are interchangeable, as only one prior methamphetamine conviction is at issue in this case.

6

case of a person who violates § 922(g) and has three previous convictions by any court referred to in § 922(g)(1) of for a violent felony or a serious drug offense, or both, committed on occasions different from one another, the individual is subject to a 15-year statutory mandatory minimum sentence.  18 U.S.C. § 924(e).

### 1. Methamphetamine

Mr. Holdford particularly claims that his 2005 conviction for possession of methamphetamine with intent to deliver, in Pulaski County Circuit Court Docket No. CR04-3714, is not a predicate offense (Dkt. No. 42, at 5).  He also appears to assert that a violation of Arkansas Code Annotated § 5-64-420 does not qualify as a "serious drug offense" because the definition of "deliver" or "delivery" in Arkansas Code Annotated § 5-62-101 is not divisible.  Therefore, Mr. Holdford asserts that these Arkansas definitions are broader than the federal definition of "distribution" and that his CR04-3714 conviction is not a valid predicate offense for ACCA status (Dkt. No. 42, at 6–11).

"The ACCA defines 'serious drug offense,' in relevant part, as 'an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. . . , for which a maximum term of imprisonment of ten years or more is prescribed by law.'"  *United States v. Bynum*, 669 F.3d 880, 885 (8th Cir. 2012) (determining that knowingly offering to sell drugs is sufficiently related to or connected with drug distribution within the meaning of the ACCA because those who knowingly offer to sell drugs intentionally enter the highly dangerous drug distribution world) (citing *United States v. Vickers*, 540 F.3d 356, 364-66 (5th Cir. 2008), and quoting *United States v. Winbush*, 407 F.3d 703, 707 (5th Cir. 2005)).

The government notes that Mr. Holdford was convicted of possession of methamphetamine with intent to deliver, a Class Y felony, in violation of Arkansas Code Annotated § 5-64-401(a)(1), as Arkansas Code Annotated § 5-63-420 was not enacted until after his conviction (Dkt. No. 55-6).  At the time of Mr. Holdford's offense and conviction, Arkansas Code Annotated § 5-64-401(c) criminalized simple possession of a controlled substance, and as the government acknowledges, taken as the whole, Arkansas Code Annotated § 5-64-401 was overbroad.  *See United States v. Meux*, 918 F.3d 589 (8th Cir. 2019) (examining Arkansas Code Annotated § 5-64-401 offenses to determine whether they are ACCA predicates).  However, the Eighth Circuit previously held that the statute is divisible.  *Id.*  Under the modified categorical approach, this Court therefore may consider limited material—"the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"—to determine if Mr. Holdford was convicted of a predicate offense under the state statute.  *Shepard v. United States,* 544 U.S. 13, 16 (2005).

Here, as in *Meux*, Mr. Holdford "was convicted under subsection (a), which criminalizes manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance," specifically, methamphetamine.  *Meux*, 918 F.3d at 591.  Mr. Holdford's judgment reflects that he was convicted of a Class Y felony, and simple possession of a Schedule I or II controlled substance under Arkansas Code Annotated § 5-64-401(c) is a Class C felony.  Thus, Mr. Holdford could not have been convicted of simple possession.

In *Meux*, the Eighth Circuit concluded that a conviction under Arkansas Code Annotated § 5-64-401(a) constitutes a "serious drug offense" for purposes of ACCA.  918 F.3d at 591.  Thus,

8

*Meux* controlled this issue at the time of Mr. Holdford's plea and sentencing.[2] No credible evidence presented by Mr. Holdford points to the conclusion that this Court would have changed its ruling based on an objection from counsel; there is no record evidence that Mr. Holdford's trial counsel was ineffective for failing to raise such an objection.

Mr. Holdford also argues his 2005 conviction is not a predicate offense for reasons not raised in *Meaux*. He contends that the state statutory definition of "deliver" or "delivery," used in Arkansas Code Annotated § 5-64-401(a)(1)(i), is broader than the federal statutory definition of "distribute," used in 18 U.S.C. § 924(e)(2)(A)(ii). Mr. Holdford correctly states that the state statutory definition refers to the transfer of a controlled substance or counterfeit substance and that the federal definition refers only to the delivery of a controlled substance or listed chemical. *Compare* Ark. Code Ann. § 5-64-101(7) (2004) (defining "deliver" or "delivery" as "the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money or anything of value . . ."), *with* 21 U.S.C. § 802(11) (defining "distribute" as "to deliver (other than by administering or dispensing) a controlled substance or a listed chemical").

Mr. Holdford's reliance on *Mathis v. United States*, however, is misplaced. 579 U.S. 500 (2016). In *Mathis,* the United States Supreme Court held that, when a defendant's prior conviction is under a statute that has "multiple, alternative means of satisfying one (or more) of its elements," the prior conviction cannot qualify as a predicate offense because the sentencing court can consider

---

[2] This Court acknowledges that a 2024 decision from the Supreme Court, *Brown v. United States*, No. 22-6389, slip op. (May 23, 2024), calls into question the analysis and holding of *Meux* as it relates to methamphetamine convictions in the State of Arkansas qualifying as predicate ACCA offenses. Mr. Holdford does not receive the benefit of this later-decided case with regard to his § 2255 petition. The Court assesses the reasonableness of counsel's conduct at the time of counsel's conduct. *Strickland*, 466 U.S. at 690.

9

only the offense elements and is precluded from looking into the facts underlying the conviction. *Id.,* at 503, 512–14. Unlike in *Mathis,* the inclusion of a counterfeit substance in the state statutory definition of "deliver" or "delivery" does not impact the offense elements—the manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance. Ark. Code Ann. § 5-64-401(a)(1)(i). While the statutory definition referred to a controlled substance and a counterfeit substance, Arkansas Code Annotated § 5-64-401(a)(1)(i) was limited to a controlled substance. Creating, delivering, or possessing with intent to deliver a counterfeit substance was a violation of Arkansas Code Annotated § 5-64-401(b).

Mr. Holdford also argues his 2005 conviction is not a serious drug offense under the ACCA because, he says, federal and state caselaw have different evidentiary requirements for showing intent of distribution. He says that, when the quantity of a controlled substance is insufficient to support a reasonable inference of an intent to distribute, federal caselaw directs consideration of circumstantial evidence consistent with the intent to distribute; Mr. Holdford claims that Arkansas caselaw recognizes that intent may be shown based on quantity alone. Mr. Holdford argues that, because his 2005 conviction was based on a "small quantity" of methamphetamine, he would not have been convicted of a similar crime in federal court because the government would not have been able to establish intent (Dkt. No. 42, at 6).[3]

This Court need not weigh in on the alleged variance between federal and state caselaw evidentiary standards or consider how Mr. Holdford would have fared in federal court. "The 'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses."

---

[3] Mr. Holdford pled guilty to possession with the intent to deliver "less than twenty-eight grams (28 g)" of methamphetamine in violation of Arkansas Code Annotated § 5-64-401(a)(1)(i).

*Shular v. United States,* 589 U.S. 154, 157 (2020) (holding the *mens rea* requirements—knowledge of the illegality of the state offense—of the state offense and the generic offense in 18 U.S.C. § 924(e)(2)(A)(ii) are not required to "match"). The sentencing court, moreover, "may look only to the elements of the [offense], not to the facts of [the] defendant's conduct." *Mathis*, 579 U.S. at 510 (alterations original) (internal quotations omitted).

Mr. Holdford was properly classified as an armed career criminal based on three predicate offenses. Because any objection challenging the 2005 offense as a predicate offense would have been meritless, the trial lawyer's work was not constitutionally deficient. The ineffectiveness claim fails.

### 2.      Residential Burglary

Mr. Holdford concedes that his 1996 and 1997 residential burglary convictions are valid predicates for purposes of armed career criminal status (Dkt. No. 42, at 4). In fact, Mr. Holdford was convicted of two separate counts of residential burglary in Case No. CR96-3443 (Dkt. No. 55-2; *see also* PSR, ¶ 31), with different offense dates of June 18, 1996, and June 19, 1996, and a third residential burglary conviction in Case No. CR97-480 with an offense date of July 1, 1996 (Dkt. No. 55-4; *see also* PSR, ¶ 33). Even if the Court were to find that the prior conviction for possession of methamphetamine with intent to distribute did not qualify as an ACCA predicate for Mr. Holdford, Mr. Holdford at the time of his plea and sentencing would have still qualified as an armed career criminal on this basis.[4] The Court concedes this was not a point raised at Mr. Holdford's sentencing in this case, but the record evidence supports it.

---

[4] At the time of Mr. Holdford's plea and sentencing, the law in the Eighth Circuit had been that the District Court could determine whether a defendant had three prior predicate offenses committed on different occasions, thus triggering the ACCA's enhanced penalties. *United States v. Stowell*, 40 F.4th 882, 885 (8th Cir. 2022), *reh'g en banc granted, opinion vacated*, No. 21-2234,

### C. Failure To Seek Dismissal Of Indictment

Mr. Holdford raises several points in support of his argument that his trial counsel was ineffective for failing to move to dismiss the indictment pending against him, and the Court will examine each of the points Mr. Holdford raises. Mr. Holdford relies on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), to support his ineffective assistance of counsel claim. Mr. Holdford contends his trial lawyer's work was constitutionally ineffective because he did not move to dismiss the indictment as defective based on the omission of two elements of the charged offense: (1) the word "unlawful," as stated in 18 U.S.C. § 922(g)(1), and (2) the defendant's knowledge of his status as a person barred from possessing a firearm (Dkt. No. 42, at 13–14).

#### 1. The Word "Unlawful"

Mr. Holdford was indicted on June 6, 2018. The indictment alleged that Mr. Holdford "had previously been convicted" of seven offenses punishable by a term of imprisonment exceeding one year and that he "did knowingly possess, in and affecting commerce, a firearm; to wit, a .38 caliber Smith and Wesson revolver, Serial Number 532053, thereby violating Title 18, United States Code, Section 922(g)(1)." (Dkt. No. 1). Under 18 U.S.C. § 922(g)(1),

> (g) It shall be unlawful for any person—
>
> > (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
> >
> > * * *
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

---

2022 WL 16942355 (8th Cir. Nov. 15, 2022). The Supreme Court held on June 21, 2024, that this practice violates the defendant's Fifth and Sixth Amendment rights. *Erlinger v. United States*, No. 23-270, slip op. at 11–12 (June 21, 2024). Mr. Holdford does not receive the benefit of this later-decided case with regard to his § 2255 petition. The Court assesses the reasonableness of counsel's conduct at the time of counsel's conduct. *Strickland*, 466 U.S. at 690.

Under 18 U.S.C. § 924(a)(2), as in effect at the time Mr. Holdford was charged and sentenced, the penalty for a defendant who "knowingly violates" § 922(g)(1) was no more than ten years of imprisonment.

In the plea agreement, the government and Mr. Holdford stipulated to the offense elements:

> **2.** **ELEMENTS OF THE OFFENSE:** The parties agree the elements of the offense to which the defendant will plead guilty are:
>
> A. The defendant had been convicted of a crime punishable by imprisonment for more than one year;
>
> B. Thereafter, knowing that he had been convicted of a crime punishable by imprisonment more than one year, the defendant knowingly possessed a firearm; and
>
> C. The firearm was transported across a state line at some time during or before the defendant's possession of it.
>
> The defendant agrees that he is guilty of the offense charged and each of these elements is true.

(Doc. No. 19, at 1–2). At the plea hearing, the Court reviewed the offense elements with Mr. Holdford, and Mr. Holdford responded that he understood the charge (Dkt. No. 45, at 5). He acknowledged the accuracy of government's recitation that, at the time that he possessed the firearm, he had "previously and knowingly been convicted of crime punishable by a term of imprisonment exceeding one year, as listed in the indictment." (Dkt. No. 45, at 16–17).

Mr. Holdford cites no authority supporting his claim that the indictment was defective based on the absence of the word "unlawful." The indictment, moreover, charged Mr. Holdford with violating 18 U.S.C. § 922(g)(1) (Dkt. No. 1). Because the absence of the word "unlawful" from the indictment did not render the indictment defective, any objection would have been meritless.

13

### 2. The Word "Knowingly"

Mr. Holdford's argument that the indictment was defective—based on the omission of language that he was "knowingly" a felon—fares no better. In *Rehaif,* the United States Supreme Court held that, in a 18 U.S.C. § 922(g) prosecution, the government must prove that both a person knew he possessed a firearm and that "he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.  Further, the Supreme Court held the "knowingly violates" requirement in 18 U.S.C. § 924(a)(2) applies to both the possession of the firearm and the defendant's "relevant status when he possessed it." 139 S. Ct. at 2194.  Because *Rehaif* was decided during the intervening time between the indictment and his plea, Mr. Holdford pled to the elements of the offense in the light of the new precedent.

In *Rehaif,* the Supreme Court did not address a purportedly defective indictment. The Eighth Circuit, moreover, found no error in an indictment to the extent a defendant—who pled guilty to possessing a firearm while being an alien illegally or unlawfully in the United States under 18 U.S.C. § 922(g)(5)(A)—challenged the sufficiency of the indictment's language based on *Rehaif. United States v. Jawher,* 950 F.3d 576, 579 n.2 (8th Cir. 2020). The Circuit determined that, because the language of the indictment "closely tracked § 922(g)(5)(A)," it sufficiently charged the defendant with violating the statute. *Id.* (citing *United States v. Dvorak*, 617 F.3d 1017, 1027 (8th Cir. 2010) (finding the language of an indictment sufficient even where it did not include an essential knowledge element)); *see also United States v. Caudle*, 968 F.3d 916, 921 n.2 (8th Cir. 2020) (same); *United States v. Gurley*, 803 F. App'x 988, 989 (8th Cir. 2020) (same). Because the indictment charging Mr. Holdford tracked the language of 18 U.S.C. § 922(g)(1), any

14

objection to the indictment based on *Rehaif* would have been meritless. The trial lawyer's work therefore did not fall below the constitutional standard. The ineffectiveness claim fails.

Further, Mr. Holdford's current claim that he "did not know he belonged to the relevant category of persons barred from possessing a firearm" is not credible. A guilty plea and representations made by a defendant during the plea hearing create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

During the change of plea hearing, the Court found Mr. Holdford competent to proceed, and he confirmed that his counsel had explained the charges he would be pleading guilty to and that he understood the consequences of his pleading guilty (Dkt. No. 45, at 3–6). At the plea hearing, Mr. Holdford contested whether he was hiding and contested that a document with his name on it was in fact an enforceable lease, but Mr. Holdford admitted to all other facts read by the government at the plea hearing, including that Mr. Holdford had previously and knowingly been convicted of a crime punishable by a term of imprisonment exceeding one year, as listed in the indictment (*Id.*, at 15–18). Mr. Holdford swore that no promises had been made to him other than those set forth in his plea agreement (*Id.*, at 15). In his plea agreement, Mr. Holdford stipulated that, at the time of his possession of the firearm, he had previously and knowingly been convicted of a crime punishable by a term of imprisonment exceeding one year, as listed in the indictment (Dkt. No. 19, at 5–6).

Further, Mr. Holdford had been convicted in seven separate cases of felony convictions, and in many of those he was convicted of multiple felony offenses. There is no support in the record for Mr. Holdford's assertions that his prior convictions provide for automatic expungement

(Dkt. No. 42, at 19). One of his prior convictions was for possession of firearm by certain persons, commonly known as felon in possession of a firearm. Mr. Holdford received sentences on multiple occasions that exceeded one year, including one sentence of 180 months of imprisonment, later amended to 144 months of imprisonment. *See United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020).

### D. Conclusion As To 28 U.S.C. § 2255 Petition

Mr. Holdford has not overcome the "strong presumption" that his trial lawyer's work fell within "wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Because Mr. Holdford has not satisfied the *Strickland* performance element, the motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied (Dkt. No. 39).

## III. Request For Hearing

Because the claims are based on legal issues rather than factual disputes, Mr. Holdford's motion for an evidentiary hearing is denied (Dkt. No. 50). *See Thomas v. United States,* 737 F.3d 1202, 1206 (8th Cir. 2013) (citation omitted) ("Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."). The Court finds that an evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Mr. Holdford] is entitled to no relief." 28 U.S.C. § 2255(b).

## IV. Motion Pursuant To 28 U.S.C. § 2255(f)(3)

Mr. Holdford also filed a motion for resentencing pursuant to 28 U.S.C. § 2255(f)(3) (Dkt. No. 51). He asserts that the United States Supreme Court's June 23, 2022, decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), is the basis upon which this Court

16

should vacate Mr. Holdford's conviction and sentence for violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e).

Mr. Holdford filed his motion on June 23, 2023 (Dkt. No. 51). The Court believes that his motion is untimely under 28 U.S.C. § 2255(f)(1). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court must examine a motion filed pursuant to 28 U.S.C. § 2255 and summarily dismiss it if it plainly appears that the movant is not entitled to relief. Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. 28 U.S.C. § 2255(f); *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019).

Because Mr. Holdford's first *pro se* § 2255 motion was still pending when he filed the motion, the second § 2255 motion is not barred by 28 U.S.C. § 2255(h) as second or successive and instead is construed as a motion to amend. *United States v. Sellner,* 773 F.3d 927, 931–32 (8th Cir. 2014). This Court therefore will consider Mr. Holdford's filing as a motion to amend. (Dkt. No. 51). Under Federal Rule of Civil Procedure 15(a)(2), Mr. Holdford may amend his § 2255 motion with the government's consent or the Court's leave. The government has not responded.

In his most recent filing, Mr. Holdford contends that 28 U.S.C. § 922(g)(1) is unconstitutional and his conviction is therefore void based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), decided after he filed his initial § 2255 motion (Dkt. No. 51). In *Bruen,* the United States Supreme Court held a state law requiring "law-abiding citizens" to show "proper cause" to carry a firearm violated the Second Amendment of the United States Constitution. 597 U.S. 1 71 (2022).

17

A preliminary issue is whether a new claim based on *Bruen* would be timely. Mr. Holdford's conviction became final on July 30, 2020, when fourteen days passed without a notice of appeal being filed. Fed. R. App. P. 4(b)(1)(A). The one-year limitations period for filing a § 2255 motion began running on the date that the judgment became final and ended on July 30, 2021. 28 U.S.C. § 2255(f)(1). In the timely filed § 2255 motion, Mr. Holdford argues his trial lawyer's work was constitutionally ineffective when he did not challenge the ACCA sentence enhancement or seek to dismiss the indictment based on a missing element of the charge. Because the § 2255 motion and the new claim—challenging the constitutionality of 28 U.S.C. § 922(g)(1)—would not be supported by a "common core of operative facts," an amended motion would not relate back to date of the initial filing. *Mayle v. Feliz,* 545 U.S. 644 (2005) (internal quotation and citation omitted) (applying Rule 15(c) to a 28 U.S.C. § 2254 petition); *see* Fed. R. Civ. P. 15(c). An amended motion therefore would be untimely under 28 U.S.C. § 2255(f)(1).

To the extent Mr. Holdford argues a new claim would be timely because he is asserting a new constitutional right based on *Bruen,* he is mistaken. When the United States Supreme Court recognizes a new right and has made that right retroactive on collateral review, the one-year limitations period for filing a § 2255 motion runs from the date that the Supreme Court recognized the right. 28 U.S.C. § 2255(f)(3). Mr. Holdford filed his motion to amend on June 23, 2023, exactly one year after the Supreme Court decided *Bruen* on June 23, 2022. 597 U.S. 1. Section 2255(f)(3), however, would not be applicable to Mr. Holdford's amended motion because, as a felon, he falls outside the group of "law-abiding citizens" protected by the Second Amendment right recognized in *Bruen*. 597 U.S. at 71. The Eighth Circuit Court of Appeals, moreover, has rejected *Bruen*-based challenges to § 922(g)(1) in a string of recent cases, holding the prohibition

on possession of firearms by felons remains constitutional. *See, e.g., United States v. Bull,* No. 22-2417, 2024 WL 378006, *3 (8th Cir.) (*per curiam*) (unpublished); *United States v. Doss,* No. 22-3662, 2023 WL 8299064,*1 (8th Cir.) (*per curiam*) (unpublished), *petition for cert. filed* (U.S. Feb. 27, 2024) (No. 23-6842); *United States v. Dunn,* 76 F.4th 1062, 1068 (8th Cir. 2023) (plain error); *United States v. Cunningham,* 70 F.4th 502, 506 (8th Cir. 2023) (citations omitted), *petition for cert. filed* (U.S. Jan. 29, 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional . . .."); *United States v. Jackson*, 69 F.4th 495, 501–06 (8th Cir. 2023) ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)" as applied to a particular defendant); *see also United States v. Cameron*, No. 23-2839, 2024 WL 1667943, *2 (8th Cir. April 18, 2024) (felon in possession of ammunition). Additionally, 28 U.S.C. § 2255(f)(3) is not applicable to Mr. Holdford's limitation period because *Bruen* has not been made retroactive to cases on collateral review. *See Tyler v. Cain,* 533 U.S. 656, 663 (2001) ("We thus conclude that a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.").

An amended § 2255 motion would be futile for two reasons: (1) The motion would be untimely, and (2) for the same reasons that § 2255(f)(3) does not apply to the new claim, Mr. Holdford could not prevail on the claim in the light of circuit authority. Leave to amend is therefore denied. (Dkt. No. 51). *See Moore-El v. Luebbers,* 446 F.3d 890, 902 (8th Cir. 2006 ("[L]eave may be denied if [the amended motion] would be futile.").

V.  **Certificate Of Appealability**

A certificate of appealability is warranted when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Mr.

Holdford must show "reasonable jurists would find [this Court's] assessment of the constitutional claim[] debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Reasonable jurists would not find debatable this Court's determination that Mr. Holdford has not demonstrated ineffective assistance of counsel. A certificate of appealability therefore is denied.

## VI. Conclusion

For these reasons, the Court denies and dismisses with prejudice Mr. Holdford's 28 U.S.C. § 2255 petition (Dkt. No. 39). The Court denies Mr. Holdford's request for hearing, and the Court denies leave for him to amend his § 2255 petition (Dkt. Nos. 50; 51).

It is so ordered this the 30th day of September, 2024.

_____
Kristine G. Baker
Chief United States District Judge